IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH MARTIN, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv454 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Kenneth Martin, Jr., a federal prisoner confined at the Federal Correctional Institution located in Edgefield, South Carolina, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On July 13, 2016, following a trial by jury before the United States District Court for the Eastern District of Texas, Movant was convicted of one count of Conspiracy to Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). *See United States v. Martin*, No. 1:16cr19 (Doc. #192) (E.D. Tex. Apr. 20, 2017). On April 20, 2017, the district court sentenced Movant to a term of 115 months' imprisonment, seven years supervised release, and a $100 special assessment. *Id.* On appeal, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court. *United States v. Martin*, 716 F. App'x 353 (5th Cir. 2018).

The Motion to Vacate

Movant brings this motion asserting the following two general grounds for relief: (1) trial counsel provided ineffective assistance of counsel; and (2) appellate counsel provided ineffective assistance of counsel on appeal.

In his first ground, Movant claims he was denied the effective assistance of trial counsel for the following reasons: (a) there was a complete break-down of the attorney/client relationship; (b) counsel failed to properly argue and preserve Movant's motion for removal of counsel; (c) counsel failed to object and properly preserve for appellate review the district court's denial of a motion for continuance of trial; (d) counsel failed to argue against the use of an electronic restraining device denying him a fair trial, and by failing to preserve the issue of appeal; (e) counsel failed to investigate and research Movant's criminal history; (f) counsel failed to properly advise him regarding the prosecution's plea agreement offer; (g) counsel refused to review all of the discovery materials with him, failed to conduct proper investigations, and failed to interview available witnesses; (h) counsel failed to object, move for mistrial regarding the testimony of the prosecution's witness, Jason Laughlin; (i) counsel failed to request certain jury instructions at trial and failed to object to the jury charge/instructions; (j) counsel failed to move for acquittal under Rule 29 following the prosecution's case-in-chief; (k) counsel failed to properly address the district court's handling of jury notes; and (l) counsel failed to object and preserve for appeal the prosecution's alleged broadening of the indictment to include the lesser offense of § 841(b)(1)(A) for conspiracy involving more than fifty grams of meth.

In his second ground for relief, Movant claims he was denied the effective assistance of appellate counsel because: (a) counsel failed to brief and argue on appeal the district court's denial of counsel's request for continuance of trial; (b) counsel failed to brief and argue the district court's failure to conduct an inquiry into the complete break-down of attorney-client relationship; (c) counsel failed to brief and argue the district court's alleged error involving chain-of-custody evidence; (d) counsel failed to brief and argue the district court's alleged amendment of the indictment; (e) counsel failed to properly brief and argue the district court's jury instructions; and (f) counsel failed to brief and argue the district court's supplemental jury instructions issued in response to a jury note.

The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent contends Movant's claims are without merit and Movant is not entitled to relief. Accordingly, the Respondent asserts that the Motion to Vacate should be denied.

Analysis

I.   *Standard of Review*

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 112 S.Ct. 2319 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992) (quoting *United States v. Frady*, 456 U.S. 152 (1982)). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

II.   *Ineffective Assistance of Counsel*

    A.   Substantive Law

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986). Plea negotiations are a critical phase of litigation in criminal proceedings and subject to the Sixth Amendment right to effective assistance of counsel. *See United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010).

The Supreme Court has addressed the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to show that counsel was ineffective a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In order to demonstrate the first prong of this test, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688). In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.

1999) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland,* 466 U.S. at 694)). "The possibility of a different outcome is not enough." *United States v. Megwa*, No. 20-10877, 2021 WL 3855498 (5th Cir. 2021). Instead, "the defendant must demonstrate that the prejudice rendered [the proceeding] fundamentally unfair or unreliable." *Crane*, 178 F.3d at 313 (quoting *Lockhart*, 506 U.S. at 369). Further, a reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981); *Brady v. United States*, 397 U.S. 742, 756 (1970). "It is equally essential that the attorney advise a defendant of possible consequences where ... the defendant withdraws a negotiated guilty plea and stipulated sentence in the minimum range and instead stands trial and faces the maximum sentence." *Id.* Further, collateral relief is appropriate where trial counsel was ineffective by giving a defendant substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations. *United States v. Day*, 969 F.2d 39, 44 (3rd Cir. 1992).

      B.      Application

      1.      <u>Trial Counsel</u>

      a.      *Removal of Counsel and Continuance*

In his first three grounds, Movant asserts he was denied effective assistance of counsel because: (a) there was a complete break-down of the attorney/client relationship; (b) counsel failed to properly argue and preserve Movant's motion for removal of counsel; and (c) counsel failed to object and properly preserve for appellate review the district court's denial of a motion for continuance of trial.

"The Sixth Amendment guarantees the right to counsel, but 'indigent defendants have no right to appointed counsel of their choice.'" *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir.

2013) (quoting *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007)). "The court is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant - 'a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict.'" *Id.* at 441-42 (quoting *United States v. Romero-Trejo*, 476 F. App'x 790-91 (5th Cir. 2012)). "Deciding whether to object is . . . a classic example of trial strategy." *Burdine v. Johnson*, 262 F.3d 336, 401 (5th Cir. 2001).

The issue of Movant's relationship with counsel, as well as his request for removal and possible continuance were discussed at length during Movant's pre-trial conference and motion hearing conducted July 7, 2016. Movant informed the court that counsel was "not going to be right for [him] in trial." *Martin*, No. 1:16cr19 (Doc. #283 at *24). The court discussed Movant's request to substitute counsel, counsel's preparation for trial, and the readiness of the case to go to trial. (Doc. #283 at *24-37). The court informed Movant he did not have an absolute right to counsel of his choice. Further, the court observed that there had been more than adequate time for discovery and preparation, and that counsel was prepared and ready to go to trial. The court found Movant's request to substitute counsel dilatory and there were no unique factors warranting a continuance. As a result, Movant's request for a continuance was denied, and Movant was asked whether he wanted to accept the plea which had been offered, go forward with trial with counsel, or represent himself. Movant repeatedly stated to counsel he was "fired," but, stated he "would never represent [himself]." (Doc. #283 at *31-35). Ultimately, however, it was determined that counsel would continue to represent Movant. (Doc. #283 at *37). At one point, when Movant continued berating counsel, the court offered this observation to Movant: "Keep in mind if you won't talk to him, it's difficult for him to talk to you." (Doc. #283 at *39).

As set forth above, after hearing from both counsel and Movant, the court determined that counsel was prepared and ready for trial. The court weighed all of the relevant factors for a continuance, and found that, in light of all of the factors and that a continuance had already been

granted in the case, there was no reason for continuance at that time. (Doc. #283 at *26-29). Further, the court found Movant's request for continuance was dilatory. (Doc. #283 at *29). Thus, any objection by counsel would have been meritless. It is clear in the Fifth Circuit that "counsel is not required to make futile motions or objections." *See Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Accordingly, Movant's claims are without merit and should be denied.

  b. *Electronic Restraining Device*

Next, Movant argues he was denied effective assistance of counsel when counsel failed to object or argue against the use of an electronic restraining device as an extreme measure denying Petitioner a fair trial, and by failing to preserve the issue for appeal.

"Physical restraint may be justified where there is 'a danger of escape or injury to the jury, counsel, or other trial participants.'" *United States v. Fields*, 483 F.3d 313, 357 (5th Cir. 2007) (quoting *United States v. Joseph*, 333 F.3d 587, 591 (5th Cir. 2003)). "A trial court need not wait until an obviously dangerous defendant actually injures trial participants or tries to escape from the courtroom before restraining him." *Id.*

On July 8, 2016, the court ordered that Movant was to wear an electronic restraining device, not visible to the jury, during his appearance at trial and while being escorted to and from the courtroom. *Martin*, No. 1:16cr19 (Doc. # 177). The court based the order on Movant's volatile nature during the final pre-trial conference, including loud and angry outbursts towards both his counsel and the court. Additionally, the court noted that the deputy escorting Movant to the pre-trial hearing informed the court that Movant exhibited several pre-assaultive behaviors and the deputy believed he was a security risk and should be restrained. Further, the court appropriately took steps to minimize any risk of prejudice by allowing Movant to wear a device that was not visible to the jury. Finally, there is no evidence the electronic restraining device hindered communications with

his attorney or otherwise prejudiced his ability to aid in his own defense. Accordingly, Movant has failed to show either deficient performance or resulting prejudice, and his claims should be denied.

      *c.*      *Plea Negotiations*

Next, in ground (e), Movant claims counsel provided ineffective assistance because he failed to investigate and research Movant's criminal history. Movant contends that had counsel informed him of the prosecution's potential use of his prior criminal convictions, specifically his prior drug convictions, he "would have better understood the available choices for resolution of the criminal charges – including the correct and accurate interpretation of the prosecution's plea agreement proposals." Additionally, in ground (f), Movant contends counsel's performance was deficient because counsel failed to correctly advise him regarding the prosecution's plea agreement offer and failed to correctly interpret and explain the offer to him, causing Movant to reject the plea offer.

In *Missouri v. Frye,* 566 U.S. 134, 138 - 145 (2012) and *Lafler v. Cooper,* 566 U.S. 156, 162-163 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye,* the Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington. Id.* at 145-147. In *Lafler,* the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 566 U.S. at 166. A Petitioner must demonstrate that "the outcome of the plea process would have been different with competent advice." *Id*. at 163. Further, counsel's erroneous estimate as to the length of sentence is not "necessarily indicative of ineffective assistance." *Beckham,* 639 F. 2d at 265. To

establish ineffective assistance of counsel, Movant must prove that counsel's performance was deficient and prejudicial. *See Strickland*, 466 U.S. at 687.

Movant's claims are contradicted by the record in this case. A review of the Pretrial Hearing reveals the court and the parties addressed these grounds at length on the record. (Doc. #283 at *40-46). The court discussed the plea offer, as well as Movant's exposure if he either went to trial or agreed to the Plea Agreement, and Movant acknowledged he understood. Counsel informed the court that the Plea Agreement was offered on June 27, 2016, and he conveyed the Plea Agreement to Movant on June 28, 2016. The Plea Agreement was provided to Movant by counsel and he had reviewed it. Further, Movant discussed the Plea Agreement with the court during the hearing. Movant also acknowledged he had received the plea offer and declined it. In fact, at one point, Movant claimed he had "been forced and threatened and persuaded to take this Plea Agreement." (Doc. #283 at *43). In addition to providing Movant with a copy of the Plea Agreement, counsel discussed his estimated sentence based on the prior convictions from Orange County, as well as the NCIC discovery. (Doc #283 at *49-50). The record reflects the court even extended the time during which it would accept a plea from the parties to allow continued negotiations after the hearing. Further, while the negotiation period remained open, the court allowed and made arrangements for Movant and counsel to have another opportunity to visit after the hearing to review relevant documents and a video without plexiglass between them as experienced in the jail where Movant was confined.

As set forth above, Movant's current assertions are contrary to the record in this case. Movant has failed to satisfy his burden of proof with respect to either deficient performance or prejudice. Accordingly, Movant's claims should be denied.

    d.    *Trial Preparation*

Next, in ground (g), Movant contends counsel refused to review all of the discovery materials with him, failed to conduct proper investigations, and failed to interview available witnesses.

A defendant who alleges counsel failed to investigate or prepare a defense must state what the investigation would have revealed and how it would have benefitted his defense. *See United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Movant fails to satisfy this burden. Movant's unsupported allegations of ineffective assistance of counsel do not establish either deficient performance or actual prejudice. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue") (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)).

In this case, a protective order was entered prohibiting counsel from leaving any discovery information with Movant. Counsel, however, informed the court he had discussed the discovery he obtained with Movant from "day one." Counsel further stated he had offered to show it to Movant and let him read it, but told Movant he could not take it and read it at his leisure, and Movant was not willing to do that. (Doc. #283 at *17-18). Movant admitted that counsel tried to show him the discovery. Additionally, Movant admitted counsel discussed the traffic stop and that he told counsel the drugs were his. Movant stated that counsel told him that since Movant stated the drugs were his, he is guilty. (Doc. #283 at*18-20). Further, as discussed in the preceding section, counsel had previously reviewed the discovery with Movant prior to the hearing, and the court allowed Movant and counsel another opportunity to visit after the hearing and review documents and a video without plexiglass between them as experienced in the jail where Movant was confined. Accordingly, Movant has failed to satisfy his burden of showing either deficient performance or prejudice regarding this ground for review. Therefore, Movant's ground for relief should be denied.

    e.    *Trial Strategy*

In ground (h), Movant contends counsel provided ineffective assistance when he failed to object and move for mistrial regarding the testimony of the prosecution's witness, Jason Laughlin.

Movant claims Laughlin's testimony that he had numerous prior dealings with Movant was unduly prejudicial and misleading, depriving him of a fair trial. Movant contends counsel should have objected to the testimony. Additionally, as part of his ground concerning counsel's alleged failure to prepare, Movant claims counsel should have challenged Britni Martin's testimony with prior inconsistent statements to law enforcement. Motion to Vacate (Doc. #1 at *9).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the Movant, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *See Martin v. Maggio,* 711 F.2d 1273, 1279 (5th Cir. 1983). A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the Court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a Court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989)).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). As previously stated, "[d]eciding

whether to object is . . . a classic example of trial strategy." *Burdine*, 262 F.3d at 401. A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *See Crane,* 178 F.3d at 312. Here, Movant complains of counsel's trial strategy and has failed to show either deficient performance or prejudice. Moreover, as set forth below, on direct appeal, the Fifth Circuit found the witness testimony in this case was corroborated by testimony from law enforcement officials and Movant's spontaneous admission to possession of the drugs. Thus, Movant cannot show the outcome of the proceeding would have been different. Accordingly, Movant's claims should be denied.

  *f.*  *Remaining Grounds*

In his remaining four grounds for review, Movant continues to contend counsel provided ineffective assistance. First, in ground (j), Movant complains that counsel failed to move for acquittal under Rule 29 following the prosecution's case-in-chief and renew the motion following the close of his case. Accordingly, Movant contends he was prejudiced because the omissions failed to preserve his insufficiency of the evidence argument for appeal.

Next, in ground (i), Movant contends counsel failed to request certain jury instructions at trial and failed to object to the jury charge/instructions regarding withdrawal from the conspiracy and define the overall conspiracy.

Further, in ground (k), Movant contends counsel failed to properly address the district court's handling of jury notes or object to the trial court's supplemental instruction. Movant contends this prejudiced his criminal proceedings because the court's supplemental instruction caused the jury to find Movant guilty of the drug conspiracy despite the fact that there was insufficient evidence to support the verdict.

Finally, in ground (l), Movant contends counsel failed to object and preserve for appeal the prosecution's alleged broadening of the indictment to include the lesser offense of § 841(b)(1)(A) for conspiracy involving more than fifty grams of meth.

On direct appeal, the Fifth Circuit determined it did not matter whether Movant's objection to the sufficiency of the evidence was properly preserved for appeal because the argument failed even under the more strict standard of review for preserved challenges. *See Martin*, 716 F. App'x at 354. Additionally, the Fifth Circuit noted that Movant conceded on appeal that his argument that the aiding and abetting instruction was not charged in the indictment was foreclosed by current circuit precedent. *Id*. at 355. Finally, the Fifth Circuit ruled that the credibility of Britni Martin's testimony was an issue within the purview of the jury, but noted that her testimony was corroborated by testimony from law enforcement officials, including an officer who heard Movant spontaneously admit to being the owner of a distributable amount of meth found under the hood of a co-conspirator's car. *Id*. at 354. Accordingly, Movant has failed to show either deficient performance or prejudice related to these claims against trial counsel, and the claims should be denied and dismissed.

    2.    Appellate Counsel

The *Strickland* analysis also applies to claims of ineffective assistance of appellate counsel. *Amador v. Quarterman*, 458 F.3d 397, 411 (5th Cir. 2006). A Petitioner's claim of ineffective assistance of counsel must be stated with specificity. *See Demik*, 489 F.3d at 646-47. Conclusional allegations and generalized assertions will not suffice to require an evidentiary hearing. *Id.* Mere allegations of prejudice are insufficient; Petitioner must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead*, 37 F.3d at 206.

In order to show ineffective assistance of counsel on appeal, Movant must show: (1) counsel acted unreasonably in failing to discover arguable, nonfrivolous issues for appeal and (2) he suffered prejudice, namely that there is "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel need not raise frivolous issues to render effective assistance on appeal. Further,

13

appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.

Along with a challenge to the sufficiency of the evidence, counsel raised on appeal both a jury instruction error unfairly disadvantaged Movant regarding the aiding and abetting charge and a constructive amendment error. *See United States v. Martin*, No. 17-40441, Appellant's Brief at *2. The fact that the judgment of the district court was affirmed does not necessarily mean appellate counsel provided ineffective assistance of counsel. Movant's claims regarding appellate counsel are unsupported by the record and appellate counsel was not ineffective for failing to raise frivolous issues.

For the reasons set forth above, Movant has failed to show either deficient performance or prejudice regarding appellate counsel. As a result, Movant's claims against appellate counsel should be denied and dismissed.

## Recommendation

The above-styled Motion to Vacate, Set Aside or Correct Sentence should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 8th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE